FILED
CLERK
7/6/2015
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
UNITED STATES OF AMERICA      . Cr. No. 13-cr-00072-DRH-AKT
                              .
         Vs.                  .
                              . 100 Federal Plaza
                              . Central Islip, NY
MARCOS ALONSO ZEA             .
                              . DATE October 18, 2013
. . . . . . . . . . . . . . . .
```

TRANSCRIPT OF ARRAIGNMENT
BEFORE HONORABLE A. KATHLEEN TOMLINSON
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

```
For the USA:          UNITED STATES ATTORNEYS OFFICE
                      Eastern District of New York
                      BY:  SETH DAVID DuCHARME, ESQ.
                           MICHAEL CANTY, ESQ.
                      271 Cadman Plaza East
                      Brooklyn, NY  11201


For the Defendant:    SALLY J.M. BUTLER, ESQ.
                      42-40 Bell Blvd.
                      Suite 302
                      Bayside, NY  11361
```

Proceedings recorded by electronic sound recording, transcript produced by transcription service.
_____

**TRACY GRIBBEN TRANSCRIPTION, LLC**
859 Nutswamp Road
Red Bank, New Jersey 07701
**(732) 263-0044     Fax No. 732-865-7179**
**800 603-6212**
**www.tgribbentranscription.com**

1           THE CLERK:  Calling 13-cr-72, United States of
2  America versus Marcos Alonso Zea.  Please state your
3  appearances for the record.
4           MR. DuCHARME:  For the United States, Seth DuCharme
5  and Michael Canty.  Good afternoon, Your Honor.
6           MR. CANTY:  Good afternoon, Your Honor.
7           MS. BUTLER:  Sally Butler for Mr. Zea.  Good
8  afternoon, Your Honor.
9           THE COURT:  Ms. Butler, I've asked you to take on the
10 representation of the defendant for arraignment only.  Is that
11 agreed?
12          MS. BUTLER:  That's agreed.
13          THE COURT:  Okay.  And let me just explain to Mr.
14 Zea, Mr. Zea, you are eligible for court appointed counsel.
15 But given the charges in your case, you are entitled to have
16 counsel from a CJA Panel which is specialized in defending
17 terrorism cases.  Mr. Steve Zissou is an attorney who I've
18 requested to continue your representation, do you understand
19 that?
20          THE DEFENDANT:  (no audible response)
21          THE COURT:  So although Ms. Butler is here today,
22 she's here just for today's purposes only.  Mr. Zissou will
23 continue your representation until this case is concluded,
24 which is your right.  Do you understand that?
25          THE DEFENDANT:  Yes.

1     THE COURT: Okay. All right, so in that regard, Ms.
2  Butler, have you reviewed the charges and explained to your
3  client what he's charged with in this indictment?
4     MS. BUTLER: I have, and I've provided him with the
5  copy of the indictment as well.
6     THE COURT: Okay. Are you satisfied he understands
7  the charges?
8     MS. BUTLER: I am.
9     THE COURT: Do you waive a public reading of the
10 charges?
11    MS. BUTLER: So waived.
12    THE COURT: All right, so how does your client plead
13 to the, I believe it's a four count indictment?
14    MS. BUTLER: Not guilty.
15    THE COURT: Sorry five counts.
16    MS. BUTLER: Five counts.
17    THE COURT: Not guilty as to all?
18    MS. BUTLER: Not guilty as to all five.
19    THE COURT: All right. Okay. Then let me turn to
20 the Government and ask what the Government's position is on it?
21    MR. CANTY: Your Honor, the Government is seeking
22 entry of a permanent order of detention on several grounds.
23 For the reasons set forth in the letter filed earlier this
24 morning, Mr. Zea, there's a presumption of detention with
25 respect to this case, given the nature of the charges in the

1  indictment that the Grand Jury returned.
2         In addition, based on the Government's proffer of
3  evidence in this case, which we believe is overwhelmingly
4  strong, the defendant poses both a risk of flight and a danger
5  to the community.
6         MS. BUTLER:  We don't have a bail package to offer
7  today anyway, Your Honor.  So I don't think that we necessarily
8  have to address that.
9         THE COURT:  All right.  But Ms. Butler, I believe
10 deputy forwarded to you the Government's proffer letter with,
11 dated October 18th, in which it outlines its position for bail?
12        MS. BUTLER:  Correct.
13        THE COURT:  You have that?
14        MS. BUTLER:  Yes.
15        THE COURT:  All right. Well, given the absence of
16 any bail package, and in light of the presumption that exists
17 with respect to these charges, I am relying on much of what's
18 alleged in that October 18th letter in determining that there
19 is clear and convincing evidence to find that the defendant
20 presents a danger to the community.  Not only because of the
21 presumption that exists based on the counts charged, but given
22 several aspects of the evidence here, suggesting that the
23 defendant is alleged to have participated in a conspiracy, made
24 an attempt himself to travel to Yemen for the purposes of
25 engaging in such terrorist activity.  Providing financial

1  support to a co-conspirator, or some -- I shouldn't say co-
2  conspirator because there's no one else charged in this
3  indictment, but certainly another individual who was identified
4  in the proffer letter, who was known to the defendant as
5  someone that might engage in terrorist activity, provided
6  financial support to that individual.  Appears to have on his
7  own done some weapons training.  And done some research with
8  respect to how to build firearm suppressors and the like.
9          All of that strongly suggesting that the defendant
10 represents a danger to the community by clear and convincing
11 evidence.  And certainly given this history of travel, and the
12 absence of any bail package, I find he's also a risk of flight.
13 So as to both aspects I'll detain the defendant.
14         I do understand that there is a status conference
15 scheduled before Judge Spatt, who is the assigned District
16 Judge in this case, for -- what was the date?
17         MR. CANTY:  November 8th, Your Honor, at 1:30 p.m.
18         THE COURT:  November 8th at 1 --
19         THE CLERK:  1:30.
20         THE COURT:  1:30, okay.  And that there is going to
21 be a waiver of speedy trial?
22         MS. BUTLER:  That is correct.  I've explained it to
23 my client.  I think he's executed it and it's before Your
24 Honor.
25         THE COURT:  Okay.  Mr. Zea, I want to make sure you

understand what's going on. First of all you will be detained for the reasons I've outlined, both as, both on the basis of my finding that you present not only a risk of flight but a potential danger to the community. That's number one.

Number two, that doesn't mean however that at some future point if your attorney feels it's appropriate that a bail package couldn't be proposed on your behalf, you always, your attorney will always have the right to suggest in the future that there should be a bail package on your behalf, the Court will consider it at that time.

Now the other thing I want to tell you is that Judge Spatt who's the Judge assigned to this Court, is a District Judge who is actually going to preside over your case. He has scheduled a status conference in this matter for November 8th at 1:30, and I'm handed a document which suggests that you've agreed to waive your right to a speedy trial, from today until November 8th. You signed that?

THE DEFENDANT: Yes.

THE COURT: Yes. Did you talk to your lawyer before you signed it?

THE DEFENDANT: I did.

THE COURT: Okay. I want to just explain to you to make sure you understand what you're doing here. Because you've been indicted and given that your appearance here in court, what we call the speedy trial clock has started to run.

Colloquy                                                7

1  Meaning under the law you're entitled to a speedy trial which
2  means that 70 days from today the Government is required to, if
3  it's going to go to trial, to bring you to trial. Do you
4  understand that?
5           THE DEFENDANT:  Yes.
6           THE COURT:  But when you sign a waiver of speedy
7  trial, effectively from today until November the 8th, you are
8  essentially agreeing that the number of days between those two
9  dates is not included in counting when the 70 days are up.  So
10 another way of saying that is, I don't know if I've got the
11 count right, there are about 12, it looks like that's about 20
12 days.  So instead of 70 days, the Government now has 90 days
13 because of this waiver. Do you understand that?
14          THE DEFENDANT:  Correct.
15          THE COURT:  Okay.  That has the effect of giving the
16 Government more time than the statute and the law allows to
17 commence trial against you.  Do you understand that?
18          THE DEFENDANT:  Yes.
19          THE COURT:  Okay.  So I need to ask you, did anyone
20 promise you anything to get you to sign this waiver?
21          THE DEFENDANT:  No.
22          THE COURT:  And it's my understanding, based on
23 what's been provided me, that the reason you're agreeing to do
24 this is you want to give your attorneys more time to speak to
25 the Government about your case, is that right?

<pre>
                              Colloquy                           8
 1              THE DEFENDANT:  Correct.
 2              THE COURT:  Okay.  So did anyone threaten you to do
 3   this, to sign this waiver?
 4              THE DEFENDANT:  No.
 5              THE COURT:  Okay.  And you understood how I explained
 6   it to you?
 7              THE DEFENDANT:  Yes.
 8              THE COURT:  All right.  And Ms. Butler, you're
 9   satisfied this is in your client's best interest?
10              MS. BUTLER:  Yes.
11              THE COURT:  Okay.  All right, then I'll so order the
12   waiver as I find it's knowingly and voluntarily entered into
13   and in the public interest to grant.
14              Is there anything else that I need to address today?
15              MR. CANTY:  One issue, Your Honor, which we can
16   address with you or perhaps if it's more appropriate Judge
17   Spatt.  Given the volume of discovery in this case, and the
18   nature of the evidence in this case, the Government anticipates
19   that it's highly likely that there will be litigation under the
20   Classified Information Procedures Act.  Which is complex
21   litigation.  So I think we'll be, we would make an application
22   at some point to have the case (inaudible-microphone
23   inoperable) And we can present that to you or Judge Spatt,
24   whichever is appropriate.
25              THE COURT:  I think at this juncture you might as
</pre>

well, that's one of the purposes for which Judge Spatt would hold that status conference. I think it's properly raised before him.

        MR. CANTY: Understood, Your Honor.

        THE COURT: Anything else?

        MR. CANTY: Not from the Government, Judge.

        MS. BUTLER: No, Your Honor.

        THE COURT: Okay, thank you very much.

        * * * * *

**C E R T I F I C A T I O N**

        I, **PATRICIA POOLE**, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

/S/ **PATRICIA POOLE**

TRACY GRIBBEN TRANSCRIPTION, LLC    DATE: July 2, 2015